IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEN SCOTT<br>    TDCJ-CID #632864 | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-05-157 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's

claims be dismissed for failure to state a constitutional violation.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. In this action, plaintiff complains that he was deprived of his personal property in violation of his due process rights. He is suing Doug Dretke, TDCJ Director; A. Castillo, a McConnell Unit assistant warden; D. Menchaca, a McConnell Unit property officer; R. Treon, TDCJ Region IV Director; Martha Ware, Region IV Assistant; Dean Kempt, a Connally Unit sergeant; Sheryl Shendel, a Connally Unit correctional officer; and unknown Jane and John Does, alleged to have worked at the Darrington Unit.

The following allegations were made in plaintiff's original complaint, (D.E. 1), and at the October 14, 2005 Spears[1] hearing.

In the fall of 2004, plaintiff was assigned to the Connally Unit in Karnes County, Texas. He owned at that time a Model 2500 Word Processor (the "word

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

processor").[2]  Plaintiff filed a Life in Danger complaint.  In response to this complaint, on October 21, 2004, he was transferred to the Darrington Unit.  Plaintiff was not permitted to take his personally property with him at the time of transfer; instead, officers were sent to his cell to pack his property.

At the Darrington Unit, plaintiff did not have his personal property, including the word processor.  Plaintiff complained to prison officials, and specifically told them that the word processor contained legal work that he had saved, including a draft of a complaint concerning his right to practice his religion.[3]  Shortly after his arrival, plaintiff learned that the Darrington Unit did not have the necessary facilities for him to practice his religion.   Therefore, on October 27, 2004, plaintiff was transferred to the McConnell Unit because it has the appropriate facilities.

In the middle of December, 2004, plaintiff finally received his personal property at the McConnell Unit.  The accompanying paper work showed that plaintiff's property had been sent to the Darrington Unit prior to the McConnell Unit, and the property still had Darrington Unit tags.  The McConnell Unit property officer, D. Menchaca, removed the word processor from the packing box it had been sent in, and it broke into pieces.  In addition, the new circuit board, new

---

[2] Originally, plaintiff had paid $278.00 for the word processor.  When one of the circuit boards began to go out, plaintiff purchased a replacement board for $80.00, a new screen for $45.00, and a new transformer for $38.00.

[3] Plaintiff is a Native American.

transformer, and other parts had been taken.

On December 14, 2004, plaintiff filed a step 1 grievance alleging that, at some point between the removal of his property from his possession and the transfer to the McConnell Unit, the word processor had been damaged and parts had been removed. He requested that the word processor be repaired, or that he be given a similar replacement. By response dated January 21, 2005, Warden Castillo wrote:

> An investigation into your grievance revealed no evidence to sustain your [claim that your] typewriter was damaged. Furthermore, you do have another serviceable typewriter in your possession. You have 60 days to decide disposition on typewriter in officer Menchaca's property office. No compensation will be forthcoming.

(D.E. 1) (attached copy of step 1 grievance).

On January 24, 2005, plaintiff filed a step 2 grievance appealing the denial of his claim. Plaintiff argued that no proper investigation had been made, and that his possession of a working typewriter did not eliminate the fact that his word processor had been destroyed. By response dated February 23, 2005, Martha Ware, assistant for Region IV Director R. Treon responded:

> According to Property Officer Menchaca, the typewriter appeared to have been packed in a non-working condition upon arrival on the unit. The TDCJ will not compensate for damages or loss when no clear evidence as to what occurred is available....

(D.E. 1) (attached copy of step 2 grievance).

Plaintiff is suing defendants for the deprivation and destruction of his personal property without due process. He claims that defendants Kevin Masters, Dean Kempt, and Sheryl Shendel had a least "partial custody" of the word processor when it was at the Connally Unit, and that they refused to let plaintiff take it with him when he was transferred to the Darrington Unit. Plaintiff alleges that unknown officers at the Darrington Unit also had custody, including the Darrington Unit property officer. He claims that Officer Menchaca is now in possession of the word processor, and that defendants Castillo, Treon, and Ware are pressuring him to dispose of it. In addition, plaintiff seeks return of the word processor, plus actual and punitive damages against each defendant.

### III.  DISCUSSION

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must

be assumed.  Id. (citation omitted).

    Plaintiff is complaining of a loss of property without due process of law. The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.  The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam).  A claimant must either take advantage of the available remedies or show that the available remedies are inadequate.  Hudson, 468 U.S. at 535.

    Texas law allows recovery of monetary damages for loss of property that has been taken without authorization.  See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights").  In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property.  Tex. Gov't Code § 501.007 (Vernon 2005).

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. See Hudson, 468 U.S. at 536 (holding that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that plaintiff claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986).

At the Spears hearing, plaintiff admitted that he had not filed suit in state court pursuant to § 501.007 or for conversion because he had "heard from other inmates" that the state courts were not receptive to prisoners' loss of property claims. This allegation fails to establish that the post-deprivation remedy is inadequate. Plaintiff may bring suit in federal court only if relief is denied in state court on grounds other than the merits of his claim. See Thompson v. Steele, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. Myers, 97 F.3d at 94.

## IV.  CONCLUSION

Plaintiff has failed to state a constitutional violation because he has an adequate remedy by virtue of his right to maintain a damage action against defendants in the Texas state courts. Accordingly, it is respectfully recommended

that plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e), 1915A.

Respectfully submitted this 17th day of October, 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).